IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN GRAINGER | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:19-cv-347-GNS |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT FOR FMLA AND** |
| HOSKIN & MUIR, INC. | ) | **ADA VIOLATIONS** |
| d/b/a CARDINAL SHOWER ENCLOSURES | ) | *Electronically Filed* |
| | ) | |
| Serve: CT Corporation System | ) | JURY TRIAL DEMANDED |
| 306 W. Main Street, Suite 512 | ) | |
| FRANKFORT, KY 40601 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

Comes Plaintiff Stephen Grainger, by counsel, and for his Complaint against Defendant Hoskin & Muir, Inc. d/b/a Cardinal Shower Enclosures ("Cardinal") states as follows:

This is an action surrounding the wrongful termination of Plaintiff's employment by Cardinal in violation of the Family and Medical Leave Act (29 C.F.R. Part 825) (FMLA), Title I of the Americans with Disabilities Act of 1990 (ADA), and Kentucky Civil Rights (KRS 344) (KCRA) as it pertains to disabilities.

## PARTIES

1. Plaintiff, Stephen Grainger, at all times relevant to this complaint, was a resident of Jefferson County, Louisville, Kentucky. Grainger was formerly an employee for Cardinal for 18 years before being terminated on April 13, 2018.

2. Defendant, Cardinal, is a fabrication, tempering, and distribution business for shower enclosures, commercial glazing systems, and artisan glass. Cardinal is located at 4795 Shepherdsville Road, Louisville, Kentucky 40218.

3. Defendant may be served with process by service on CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601, which is Defendant's registered agent listed with the Commonwealth of Kentucky Secretary of State.

## JURISDICTION AND VENUE

4. Plaintiff alleges, in part, violations of the FMLA and ADA, which are federal laws and give this Court original subject matter jurisdiction.

5. The charge for violations of the ADA/KCRA were timely submitted to the EEOC in order to exhaust administrative remedies. The EEOC issued a Right to Sue by request, which was received on May 6, 2019, pursuant to which this Complaint has been timely brought. (**Exhibit 1 – EEOC Right to Sue**).

6. Venue is proper because the acts or omissions complained of herein occurred in Jefferson County, Louisville, Kentucky, where Plaintiff's injuries occurred.

## FACTS

7. Stephen Grainger was employed at Cardinal for 18 years before being terminated on April 13, 2018.

8. During Grainger's employment with Cardinal, Grainger's duty was to cut glass and make "demo" boxes.

9. Grainger was the only employee at the Louisville location with that specific job function.

10. Grainger was first granted medical leave in or around May 2017 for a foot issue. Upon return from this medical leave on May 23, 2017, Grainger was provided with a chair in which he could continue to adequately perform his job functions and continue to work on the factory floor in his usual job. The chair served as a reasonable accommodation and Grainger could carry out his job functions. (**Exhibit 2 – 5/22/17 Work Release**).

11. In August of 2017 Grainger went to the hospital due to unexplained pain in his foot. This pain led to two surgeries and medical leave under the FMLA beginning August 21, 2017 and originally lasting through December 1, 2018.

12. On December 27, 2017 Cardinal received a letter from Grainger's doctor, Dr. Jung, stating that Grainger's new return to work date was January 29, 2018. Cardinal acknowledged receipt of that letter and did not terminate Mr. Grainger at that point. (**Exhibit 3 – 1/12/18 Letter from Cardinal**).

13. Grainger had another appointment with Dr. Jung on January 25, 2018. After this appointment, Dr. Jung provided a letter to Cardinal stating that Grainger had been compliant throughout treatment and that Grainger's new return to work date was four weeks from January 25, 2018. Dr. Jung also added that the reasonable accommodations necessary would be to minimize standing and walking. (**Exhibit 4 – 1/25/18 Letter from Physician**).

14. On February 6, 2018, Cardinal granted a leave extension until February 26, 2018. (**Exhibit 5 – 2/6/18 Letter from Cardinal**).

15. Due to the fluidity of the situation, on the week of February 23, 2018 it was communicated to Cardinal that Grainger's return to work date would have to be postponed until after his March 8, 2018 appointment with Dr. Jung. Cardinal granted a leave extension until March 8, 2018. (**Exhibit 6 – 2/23/18 Letter from Cardinal**).

16. On March 8, 2018 a final plan was approved by Dr. Jung for Grainger's return to work on March 19, 2018. (**Exhibit 7 – 3/8/18 Letter from Physician**).

17. However, instead of Cardinal returning Grainger to his old job, Grainger was informed on March 12, 2018 that he would be placed in a new temporary full time position in the Clerical Logistics office. (**Exhibit 8 – 3/12/18 Letter from Cardinal**) (**Exhibit 9 – Modified Duty Description**).

18. Grainger began this new position on March 19, 2018.

19. On March 12, 2019, Dr. Jung indicated that Grainger still required limited standing and walking. (**Exhibit 10 – 4/12/18 Letter from Physician**).

20. The next day, Grainger was terminated on April 13, 2018. (**Exhibit 11 – 4/13/18 Termination Letter**).

21. Grainger was never permitted to return to his original position with the reasonable accommodation of a chair, which he had been given during an earlier leave.

22. Grainger served Cardinal for 18 years with a stellar employment record and intended to do so until he could no longer work, however long that may have been.

23. Now, at 70 years of age, Grainger has been stripped of his livelihood and is unlikely to garner gainful employment, let alone employment similar in pay to what he had with Cardinal.

24. As a result of his termination, Grainger has suffered from the effects of losing retirement and medical benefits, loss of income, and has experienced emotional distress and humiliation.

## CLAIMS

### CLAIM I – VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

25. Plaintiff hereby incorporates all preceding paragraphs as if fully restated herein.

26. Since Cardinal granted extended leave, Cardinal had a duty to maintain the basic rights of FMLA. (FMLA Section 825.700(b) – "Nothing in this Act prevents an employer from amending existing leave and employee benefit programs, provided they comply with FMLA.") In pertinent part, FMLA compliance required job restoration to an "equivalent job".

27. Cardinal breached the duties imposed upon it by the FMLA in that it did not restore Grainger to an "equivalent job". Grainger could have been reinstated to his previous job with only the reasonable accommodation of a chair. This reasonable accommodation was provided after his first leave earlier in 2017 but was not granted after Grainger's second leave. By failing to provide this reasonable accommodation, not reinstating Grainger to his previous job or an "equivalent job", and by terminating him from his new position, Cardinal was non-compliant with the FMLA.

28. As a direct and proximate cause of Defendant's breach, Grainger incurred damages as set forth herein, for which Grainger is now entitled to recover back pay, front pay, compensatory damages, liquidated damages, attorneys' fees, and costs.

**CLAIM II – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

29. Plaintiff hereby incorporates all preceding paragraphs as if fully restated herein.

30. Grainger had a disability as defined in the ADA.

31. Grainger was an employee who was a "qualified individual with a disability" and Cardinal is an "employer" as both are defined in the ADA.

32. Cardinal had a duty pursuant to the ADA not to discriminate against Grainger based on his disability.

33. Grainger was qualified to perform the essential functions of his position with reasonable accommodations, such as a chair in which to sit.

34. Grainger was not given reasonable accommodations for his disability. Rather, Grainger was not permitted to return to his job, despite having previously been given the accommodation of a chair again sought, and was terminated from his new position.

35. By failing to provide reasonable accommodations, not reinstating Grainger to his previous job, and then terminating Grainger, Cardinal has breached its duties under the ADA.

36. As a direct and proximate cause of Defendant's breach, Grainger has incurred damages as set forth herein, for which Grainger is entitled to recover back pay, front pay, compensatory damages, punitive damages, attorneys' fees, and costs.

### CLAIM III – VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

37. Plaintiff hereby incorporates all preceding paragraphs as if fully restated herein.

38. Grainger had a disability as defined in KRS 344.010.

39. Grainger was an employee who was a "qualified individual with a disability" and Cardinal is an "employer" as both are defined in KRS 344.030.

40. Cardinal had a duty pursuant to KRS 344.020 not to discriminate against Grainger based on his disability.

41. Grainger was qualified to perform the essential functions of his position with reasonable accommodations, such as a chair in which to sit.

42. Grainger was not given reasonable accommodations for his disability. Rather, Grainger was not permitted to return to his job, despite having previously been given the accommodation of a chair again sought, and was terminated from his new position.

43. By failing to provide reasonable accommodations, not reinstating Grainger to his previous job, and then terminating Grainger, Cardinal has breached its duties under the KCRA.

44. As a direct and proximate cause of Defendant's breach, Grainger has incurred damages as set forth herein, for which Grainger is entitled to recover back pay, front pay, compensatory damages, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following:

A. Judgment entered in Plaintiff's favor on all causes of action described herein;

B. That Defendant be ordered to pay Plaintiff's costs, expenses, and attorneys' fees incurred in this action as allowed by law, and any other applicable fees, expenses, and costs;

C. That Defendant be ordered to pay punitive damages;

D. A trial by jury on all issues so triable;

E. Compensatory damages; and

F. Any and all other relief to which Plaintiffs may otherwise be properly entitled.

Respectfully submitted,

*/s/ Parker M. Wornall*
RANDALL S. STRAUSE
PARKER M. WORNALL
Strause Law Group, PLLC
804 Stone Creek Pkwy., Ste. One
Louisville, KY 40223
T: (502) 426-1661
F: (502) 426-6772
E: rstrause@strauselawgroup.com
  pwornall@strauselawgroup.com
**Counsel for Plaintiff**