UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

Filed Electronically

| | |
|---|---|
| STEPHEN GRAINGER ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:19-CV-00347-GNS |
| ) | |
| HOSKIN & MUIR, INC. ) | |
| d/b/a CARDINAL SHOWER ) | |
| ENCLOSURES ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

**HOSKIN & MUIR, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS II AND III OF THE COMPLAINT**

Grainger's Response does not cite any authority to establish that his "foot issue" constitutes a disability. Instead, he relies upon doctor's notes that show only a temporary limitation to one of his feet. From this, he argues he was substantially impaired in one or more major life activities. Grainger has failed to state a claim for which relief may be granted and the Court should dismiss with prejudice his claims for disability discrimination.

    **1.    Grainger has not pleaded a claim for disability discrimination under the ADAAA or the KCRA.**

Grainger does not rely upon any authority to support his argument that the Court should draw the inference that his "foot issue" is a disability under either the ADAAA or the KCRA. He attempts to distinguish the cases HMI cites but does not offer positive authority to support his position. His doctor's notes show only that Grainger had, at best, a temporary and transitory issue with his foot. This is insufficient to rise to the level of a disability and his disability discrimination claims should be dismissed with prejudice.

"Generally, short term, temporary restrictions are not substantially limiting and do not render a person substantially disabled under the ADA."[1] In *McCarter v. Erie County Corrections Facility*,[2] an inmate at a correctional facility suffered from a fractured ankle and alleged, among other things, that he was discriminated against by the correctional facility because of his disability.[3] The court dismissed the claim because the plaintiff "is not a person with a disability."[4] Another court reached the same conclusion in *Lewis v. Florida Default Law Group, P.L.*[5] That case involved an individual who claimed swine flu was a disability and argued that her condition should be viewed as substantially impairing a major life activity because, if left untreated, it could result in serious complications.[6] The court rejected this argument, observing that under this theory, "almost any infection or injury, regardless of its actual impact, [could] be treated as a covered disability under the ADA."[7] The court likened this argument to a broken bone, stating that "failure to properly treat a broken bone may result in permanent disfigurement and diminished physical capacity" but that this was not enough to constitute a disability.[8]

In *Adams v. Citizens Advice Bureau*, the Second Circuit held that the plaintiff's neck, back, and knee injuries that were resolved in three months were insufficient to constitute a disability as a matter of law.[9] Likewise, in *Kruger v. Hamilton Manor Nursing Home, Inc.*, the plaintiff's broken arm, while an injury that temporarily affected the plaintiff's daily activities, was insufficient to be a disability under the ADA.[10]

---

[1] *Kruger v. Hamilton Manor Nursing Home, Inc.*, 10 F. Supp. 3d 385, 389 (W.D. N.Y. 2014) (internal quotation marks omitted).
[2] *McCarter v. Erie County Corrections Facility*, 2013 U.S. Dist. LEXIS 70298 (W.D. N.Y. May 15, 2013).
[3] *Id.* at *4-*5.
[4] *Id.* at *5.
[5] *Lewis v. Florida Default Law Group, P.L.*, 2011 U.S. Dist. LEXIS 105238 (M.D. Fla. Sept. 16, 2011).
[6] *Id.* at *16.
[7] *Id.* at *17, n. 19.
[8] *Id.*
[9] *Adams v. Citizens Advice Bureau*, 187 F.3d 315, 316-17 (2nd Cir. 1999).
[10] *Kruger v. Hamilton Manor Nursing Home, Inc.*, 10 F. Supp. 3d 385, 389 (W.D. N.Y. 2014).

Grainger's temporary "foot issue" fares no differently. His Complaint and doctor's notes establish only that Grainger had temporary limitations that improved over time – just like the fractured ankle, swine flu, and broken arm in the above-referenced cases. Grainger's "foot issue" is not a disability under the ADAAA or the KCRA and he has failed to state a claim upon which relief can be granted.

While Grainger argues his doctor's notes show he was substantially limited in his ability to stand and walk, this is simply not the case. Courts have held that impairment in the ability to walk or stand does not in and of itself mean the individual is substantially impaired in those functions. In *Kelly v. Drexel University*,[11] the plaintiff had a limp that prevented him from running, limited his ability to walk more than a mile at a time, and made it difficult for him to walk up and down stairs.[12] The court held the plaintiff's impairment did not substantially limit his ability to walk.[13] In reaching this decision, the court relied upon the regulations implementing the ADA at that time, which stated that "an individual . . . would not be substantially limited in the major life activity of walking if, as a result of a physical impairment, he or she were only able to walk at an average speed, or even at a moderately below average speed."[14] Grainger's restriction of limited walking is similarly insufficient to rise to the level of substantially limiting one or more major life activities.

The Sixth Circuit reached the same result with similar facts in *Black v. Roadway Express, Inc.*,[15] holding that a plaintiff who could not run and had a constant limp that resulted in difficulty kneeling and sitting with his leg in one position was not disabled as a matter of law.[16] The Sixth Circuit recognized that "[m]oderate difficulty or pain experienced while walking does not rise to the level of

---

[11] *Kelly v. Drexel University*, 94 F.3d 102 (3rd Cir. 1996).
[12] *Id.* at 106.
[13] *Id.*
[14] 29 C.F.R. app. § 1630.2(j).
[15] *Black v. Roadway Express, Inc.*, 297 F.3d 445 (6th Cir. 2002).
[16] *Id.* at 450-51.

a disability."[17] Grainger's "foot issue" falls within the limitations contemplated by these cases. It does not rise to the level of a disability under the ADAAA or the KCRA. He has failed to plead facts to allow the Court to infer he was disabled and the Court should dismiss with prejudice those claims.

### 2. Grainger did not timely file his EEOC Charge.

Grainger's Response disregards the statutory language that requires *filing* with the state agency within 300 days from the date of the challenged employment conduct. The 300 day period extends only to filing with the state agency, not with the EEOC:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, *except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency* with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, *such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred*, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.[18]

Nevertheless, Grainger argues that the belated filing of his Charge satisfies this standard.

The cases he relies upon to support his argument that he should be excused for his failure to file an EEOC Charge within 180 days of his termination are unavailing. *Alexander v. Local 496 Laborers' Int'l Union*[19] has no bearing on this case. The court in *Alexander* ultimately did not reach the issue of whether the plaintiffs' claims were barred by an untimely charge because the conduct at issue in *Alexander* involved a continuing violation – that is, an ongoing series of discriminatory acts that allows a plaintiff to bring suit for all of the conduct if some of the conduct took place at issue

---

[17] *Id.* at 451.
[18] 42 U.S.C. § 2000e-5(e)(1) (emphasis added).
[19] *Alexander v. Local 496 Laborers' Int'l Union*, 177 F.3d 394 (6th Cir. 1999).

during the 180 day time period.[20] No such claim exists here. Grainger's claim is for a single discrete act – the termination of his employment. And it is clear from Grainger's Charge that his termination took place well outside the time period contemplated by the statute. *Alexander* is of no help to Grainger. Similarly, in *Berger v. Medina County Ohio Board of County Commissioners*,[21] the Sixth Circuit actually affirmed the dismissal of the plaintiff's claim for failure to file a charge with the EEOC during the requisite 180-day period.[22] Further, in *Stewart v. Iams Co.*,[23] the Court held the plaintiff's claim was not barred by the 180-day period because there was evidence the plaintiff's prior communications with the EEOC during that period may have been sufficient to constitute a "charge."[24] Grainger has made no such allegations here. Grainger's reliance on these cases does nothing to excuse his failure to file a charge with the EEOC in the 180-day period required by statute. His ADAAA claim should be dismissed for failure to meet the condition precedent to filing this claim.

## Conclusion

Grainger has not pleaded facts to allow the Court to infer he is disabled within the meaning of the ADAAA or the KCRA. At best, he has pleaded he had a temporary condition that impacted, but did not substantially impair, his ability to walk. This is not sufficient to allow his claims of disability discrimination to proceed to discovery and the Court should grant HMI's Motion.

Similarly, Grainger has failed to establish any reason why his failure to file a timely charge of discrimination with the EEOC should be excused. Grainger filed his Charge with the EEOC well-outside the time period contemplated by statute. He has failed to meet the conditions precedent to filing suit for his ADAAA claim and that claim should be dismissed with prejudice.

---

[20] *Id.* at 408.
[21] *Berger v. Medina County Ohio Board of County Commissioners*, 295 Fed. Appx. 42 (6th Cir. 2008).
[22] *Id.* at 45.
[23] *Stewart v. Iams Co.*, 2010 U.S. Dist. LEXIS 27341 (S.D. Ohio Mar. 22, 2010).
[24] *Id.* at *9.

Respectfully submitted,

/s/ Matthew Barszcz
Donna King Perry
Matthew Barszcz
Dinsmore & Shohl LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 581-8000
Facsimile: (502) 581-8111
Donna.Perry@dinsmore.com
Matthew.Barszcz@dinsmore.com
*Counsel for Defendant, Hoskin & Muir, Inc. d/b/a Cardinal Shower Enclosures*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2019 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Randall S. Strause, Esq.
Parker M. Wornall, Esq.
Strause Law Group, PLLC
804 Stone Creek Parkway, Suite One
Louisville, Kentucky 40223
Telephone: (502) 426-1661
Facsimile: (502) 426-6772
E-Mail: rstrause@strauselawgroup.com
pwornall@strauselawgroup.com
*Counsel for Plaintiff*

/s/ Matthew Barszcz
*Counsel for Defendant, Hoskin & Muir, Inc. d/b/a Cardinal Shower Enclosures*

15106984v1

6